IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARTIN D. TRUMBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 05-0379-CV-W-SOW-P |
| vs. ) | |
| ) | |
| ALAN LUEBBERS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

ORDER

Before the Court are petitioner Martin D. Trumbo's Petition for Writ of Habeas Corpus (Doc. # 1), respondent's Response, and petitioner's Traverse. For the reasons stated below, petitioner's Petition for Writ of Habeas Corpus is denied.

I. Background

Petitioner Martin D. Trumbo was charged with assault and armed criminal action arising out of a stabbing of Gary O'Sullivan in the Circuit Court of Boone County, Missouri.[1] After a trial by jury, petitioner was convicted of one count of assault in the first degree and one count of armed criminal action, for which crimes he was sentenced to concurrent terms of twenty-five years and ten years, respectively, in the custody of the Missouri Department of Corrections. Petitioner is currently incarcerated in the Farmington Correctional Center (FCC) in Farmington, Missouri.

Petitioner Trumbo filed a timely direct appeal in the Missouri Court of Appeals for the Western District of Missouri. Petitioner's direct appeal was denied on April 30, 2002.

---

[1]The relevant facts to the case are detailed in Resp. Ex. F.

Petitioner Trumbo also filed a timely state post-conviction motion alleging four grounds for relief under Missouri Rule 29.15. All four grounds for relief are also included in this petition. Petitioner Trumbo presented evidence as to these grounds at an evidentiary hearing before the Circuit Court of Boone County, Missouri. Relief was denied. Petitioner appealed the denial, but presented only ground four on appeal. The Missouri Court of Appeals again denied relief on September 7, 2004.

Petitioner advances four claims in his petition:

1. Trial counsel was ineffective for failing to make an offer of proof regarding petitioner's mental state.
2. Trial counsel was ineffective for failing to properly challenge the trial court's exclusion of petitioner's mental problems.
3. Trial counsel was ineffective for failing to submit a proper self-defense instruction to the jury and in fact submitted an improper instruction to the jury.
4. Trial counsel was ineffective for failing to call Columbia police officer Liebhart as a witness at trial.

The Court will consider each claim in its Discussion below.

II. <u>Jurisdiction and Standard of Review</u>

This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 2254.

The review of petitioner Trumbo's claims is governed by 28 U.S.C. Section 2254(d) which states in relevant part:

> (d) An application for writ of habeas corpus on behalf of a person in state custody pursuant to the Judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits on the state court proceeding unless the adjudication of the claim - -
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State Court proceeding.

The United States Supreme Court has held that Section 2254(d)(1)'s "contrary to" clause required the rejection of state court decisions which were "substantially different from the relevant precedent of this Court." Williams v. Taylor, 529 U.S. 362, 405 (2000). "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." Id. The Ninth Circuit has held that the "unreasonable determination of fact" criteria "requires more than mere incorrectness, such that the state court's fact finding is so clearly erroneous as to leave us with a firm conviction that its determination was mistaken on the evidence before it." Gunn v. Ignacio, 263 F.3d 965, 970 (9th Cir. 2001) (citing Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000)).

### III.  Discussion

As an initial matter, respondent contends that the first three claims in petitioner Trumbo's petition cannot be heard by this Court because they were not reviewed by the Missouri Court of Appeals, and there is no currently available method to have them reviewed. Specifically, respondent informs the Court that petitioner raised the first three claims in his amended post-conviction relief motion. However, it is undisputed that petitioner failed to raise any of these claims upon appeal from the denial of his post-conviction relief motion. Therefore, respondent argues that petitioner has defaulted on these claims according to Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997), *cert. denied* 523 U.S. 1010 (1998). Petitioner asserts that the procedural default grounds for denial of review must fail because at the time petitioner should have sought review on these grounds, he was incompetent to proceed.

The Eighth Circuit has held that a petitioner may be excused for his failure to exhaust his claim in state post-conviction proceedings if he could show that he was incompetent at the time

of those proceedings. Ervin v. Delo, 194 F.3d 908, 915 (8th Cir. 1999). Likewise, the United States Supreme Court has held that a petitioner's failure to fairly present his claims to the state courts does not bar his claim if he can show either "cause and prejudice" or "a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To excuse the procedural bar, "the petitioner must make a conclusive showing that he or she was incompetent at the time of the postconviction proceedings." Ervin, 194 F.3d at 915. To be found incompetent, the Eighth Circuit recognized that petitioner must have been "suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." Id. (quoting Anderson v. White, 32 F.3d 320, 321 (8th Cir. 1994)).

In this case, the Court finds that the evidence before it is insufficient to determine petitioner Trumbo's competence at the time of the state post-conviction proceedings. This Court notes that petitioner failed to raise the issue of his mental competence in his motion for new trial and in his direct appeal to the Missouri Court of Appeals. There has been no conclusive showing to this Court that petitioner was incompetent at the time of post-conviction proceedings. Petitioner's failure to present this claim to the Missouri courts constitutes a procedural default that gives rise to an adequate and independent procedural bar to review. Murray v. Carrier, 477 U.S. 478 (1986). In order for this Court to review petitioner Trumbo's claim, he must demonstrate good cause and actual prejudice under Murray. Id. Petitioner has shown neither.

Accordingly, petitioner Trumbo's first, second, and third claims are barred.

Petitioner's Claim That His Trial Counsel Was Ineffective for Failing to Call Columbia Police Officer Liebhart as a Witness at Trial (Claim 4)

Petitioner claims that his trial counsel was ineffective for failing to Call Columbia Police

Officer Bryan Liebhart as a witness at trial. Specifically, petitioner's trial counsel neither cross-examined nor called Officer Liebhart as a witness to testify about the inconsistencies between the victim's police statement and his trial testimony. Petitioner claims these inconsistencies would have impeached the victim's trial testimony and provided independent corroboration of petitioner's testimony, both of which would have aided his theory of self-defense. Respondent contends that petitioner's fourth claim is exhausted because the Missouri Court of Appeals denied it on the merits. This Court agrees.

As discussed above, Section 2254 provides that federal courts may not grant writs of habeas corpus on any claim that was adjudicated on the merits in state court unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. This Court now finds that the application and conclusion reached by the Missouri Court of Appeals in this case was not clearly erroneous. Rather, the state court decision correctly identifies the controlling standard for ineffective assistance of counsel set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Next, the Missouri Court of Appeals applied the Strickland framework and rejected petitioner Trumbo's claim. The court noted that Detective Liebhart testified at the evidentiary hearing consistent with his report and that Trumbo's counsel believed Detective Liebhart's testimony would have made "minor points" and would have risked introducing damaging evidence. Finally, after its analysis, with relevant citation to both Strickland and binding precedent from the Missouri Supreme Court, the court concluded that the inconsistencies from Detective Liebhart would have been minor and petitioner's ineffective assistance of counsel claim on this point must fail. Indeed, it does not matter if this Court would have applied the Strickland framework differently and reached a different conclusion itself. See Williams, 529

U.S. at 406.

Accordingly, petitioner Trumbo's fourth claim for relief is barred.

IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that petitioner Martin D. Trumbo's Petition for Writ of Habeas Corpus (Doc. # 1) is denied. It is further

ORDERED that the Clerk of the Court shall enter final judgment at this time.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 11-2-05